11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Dwight Mason

Appellant

Vs.                   No.
11-01-00304-CR -- Appeal from Dawson County

State of Texas

Appellee

 

The jury
convicted Dwight Mason of possessing cocaine and assessed his punishment at
confinement for 9 years and a fine of $2,000.[1]  We affirm.

                                                                  Issues
Presented

Appellant
argues that the trial court made three reversible errors.  First, he argues that proof of his
extraneous offenses was not relevant under TEX.R.EVID. 401 because they
occurred after the offense for which he was being tried.  Second, he argues that the trial court erred
in permitting proof of Acharacter@ for
the purpose of Aproving action in conformity therewith@ in violation of TEX.R.EVID. 404(b).  Third, he argues that the trial court failed
to do the balancing test which is required by TEX.R.EVID. 403.  Appellant also argues that Athese errors by the trial court were not
harmless@ and that there was not Asufficient legal evidence@ to affirm the conviction.

                                                                   The
Indictment

The
indictment charged that appellant, Aon or about the 25TH day of JULY, 1999,@ did then and there possess a controlled substance, Acocaine, having an aggregate weight, including
any adulterants and dilutants of one gram and more but less than four grams.@

                                                         Proof
of the Offense on Trial








During the
first day of testimony, the State proved that appellant was arrested on July
25, 1999, and that cocaine was found near the place of his arrest.  Arnold Losoya was working for the Lamesa
Police Department on that date, and he received a call from the dispatcher at
about 1:47 a.m. about a domestic dispute. 
Officer Losoya testified that appellant failed to stop as directed.  Officer Losoya called for assistance, and
Lamesa Police Officers Andrew William Barker and Randy Nuchols came to the
scene.  

Officer
Barker testified that he was working for the Lamesa Police Department on the
date of appellant=s
arrest; that he asked appellant to stop when appellant was attempting to walk
away from Officer Losoya; that appellant Akept on walking@; and that Officer Barker got out of his patrol car and followed
appellant on foot.  Appellant started
running, and he reached into the pockets of his pants, Alike he was trying to dig something out.@ 
Officer Barker testified that he drew his weapon and that appellant kept
on running.  Officer Barker said that
appellant made a Athrowing-type
motion away from his body@ and then made a 180-degree turn. 
After the officers took appellant into custody, they searched the area
where he had been, and they found some crack cocaine.       

Officer
Nuchols testified that he was working for the Lamesa Police Department on the
date of appellant=s
arrest.  Officer Nuchols testified that
he got out of his patrol car to pursue appellant on foot while appellant was
running from Officer Barker.  After
appellant was taken into custody, Officer Barker told the other officers that
appellant had thrown something.  They
searched the area where appellant had been, and they found a clear plastic bag
containing what appeared to be crack cocaine.  

There was
a stipulation to prove the chain of custody on the contraband and to prove that
it was cocaine with an aggregate weight of 2.24 grams.

Rene
Flores testified that he had been a narcotics officer for the Lamesa Police
Department, and he testified as an expert witness about the way that persons
who were in possession of drugs would attempt to evade arrest and
detention.  Officer Flores also
testified that persons who had drugs would attempt to Atoss the drugs@ if they saw police running toward them.  

                                                           The
Extraneous Offenses

The
prosecutors notified the court outside the presence of the jury of the State=s intention to present evidence of extraneous
offenses.  The prosecutor said that he
intended to present testimony from two witnesses who had purchased crack
cocaine from appellant and that the State planned to produce evidence of crack
cocaine on a plate which had appellant=s fingerprints.

 








The
discussions between counsel and the court read in relevant part as shown:

[DEFENSE
COUNSEL]: Okay.  Your Honor, this is
404(b) of the Texas Rules of Evidence. 
Rule 404(b) basically states that evidence...of extraneous crimes,
wrongs, or acts [is not admissible to show action in conformity
therewith].  In other words, people
cannot be tried for being criminals in general.  

 

                                                           *    *   
*

 

[PROSECUTOR]:
I agree that [appellant=s counsel] is correct. 
Generally, extraneous offenses are inadmissible.  Under Rule 404, though, it sets out that if
it falls within one of the exceptions for that rule that it is admissible.  And it lists intent, motive, knowledge,
preparation, identity, and a whole lot of other potential issues....The
State, in this particular case, is offering this evidence, Your Honor, to show
intent and knowledge....In conjunction with that, the State is offering it
to show possession.  Possession is not
only an element of the case, but [the alleged lack of possession is] the height
of the defensive theory in this case.

 

                                                           *    *   
*

 

There=s no doubt that substance is cocaine and what
it weighed.  There is no doubt where it
was found.  It was in Dawson County on
that date.  There is no doubt the
Defendant was there.  The question in
this case is a matter of possession, and whether he intentionally or knowingly
possessed it.  Certainly the fact that
he has possessed that substance on several other occasions goes to show
intentional possession. (Emphasis added)

 

The trial
court then asked the prosecutor if he had any case law on this issue.  Among the cases which the State relied upon
is this court=s unpublished opinion in Gibson v. State, No.
11-99-00165-CR (Tex.App. - Eastland, June 15, 2000, pet=n ref=d).  In that case, this court
affirmed the trial court=s ruling that an extraneous offense was relevant to show the knowing
possession of a controlled substance. 
In that unpublished opinion, this court cited and relied upon Montgomery
v. State, 810 S.W.2d 372, 390 (Tex.Cr.App.1991); Arnott v. State, 498 S.W.2d
166, 176 (Tex.Cr.App.1973); and Payton v. State, 830 S.W.2d 722, 729 (Tex.App.
- Houston [14th Dist.] 1992, no pet=n).   








After the
trial court overruled appellant=s objections under Rules 404 & 403, the jury came back into the
courtroom.  The first extraneous offense
witness was Reynaldo Lopez.  He
identified appellant and testified that he used to buy drugs from him.  Appellant=s trial counsel then renewed his objection under Rule 404 and was given
a Arunning objection@ to this testimony.  Lopez testified on August 14, 2001, that the last time he
purchased drugs from appellant was about four or five weeks ago. 

The second
extraneous offense witness was Lisa Jackson. 
After she identified appellant, appellant=s counsel got the court to confirm that he had a Arunning objection@ to her testimony about extraneous
offenses.  Jackson testified that she
had purchased crack cocaine from appellant on July 12, 2001.

            The
third extraneous offense witness was Officer Alonzo Urquidi of the Lamesa Police
Department.  This officer identified a
plate with several rocks of crack cocaine which was seized at the time that
Lopez and Jackson were arrested.  This
plate contained appellant=s fingerprints.   

Dennis
Hambrick testified as an expert witness to prove that the contraband on the
plate which Officer Urquidi identified was cocaine and that it weighed 17.58
grams.  Marty Barrett testified as an
expert witness to prove that appellant=s fingerprints were on the plate which Officer Urquidi identified.     

                                                                       Rule
401

Appellant
argues that the trial court erred under Rule 401 when it failed to rule the
extraneous offense proof inadmissible. 
Appellant argues that the State failed to show how an extraneous offense
which occurred Atwo years after the event for which Appellant
was being tried@ could be relevant.  In reply to this argument, the State cites Powell v. State, 5
S.W.3d 369, 383 (Tex.App. - Texarkana 1999, pet=n ref=d), cert. den=d, 529 U.S. 1116 (2000).  The
Texarkana Court held in that case:

Rule 401 defines
relevant evidence as that evidence having any tendency to make the existence of
any fact that is of consequence to the determination of the action more
probable or less probable than it would be without the evidence.  It is at least subject to reasonable
debate whether a subsequent, almost identical offense tends to show [defendant=s] knowledge that the substance he possessed
on the occasion involved here was illegal....We believe that the trial court could have reasonably concluded
that this subsequent act tended to make more probable the allegation that
[defendant] intended to deliver the cocaine involved in the present offense....The
fact that the extraneous conduct occurred after the acts constituting the
offense on trial does not render the evidence inadmissible under Rule 404(b).  We find that the trial court did not abuse
its discretion in admitting the evidence. 
(Citations omitted; Emphasis added)

 








See also
Santellan v. State, 939 S.W.2d 155, 168 (Tex.Cr.App.1997), and Torres v. State,
794 S.W.2d 596, 599 (Tex.App. - Austin 1990, no pet=n), where extraneous conduct subsequent to
the offense on trial was held to be admissible under Rule 404(b).  We hold that the trial court did not abuse
its discretion in finding that the extraneous offenses in 2001 were admissible
as circumstantial evidence of appellant=s knowing possession of cocaine in 1999.  The first issue for review is overruled.

                                                                       Rule
404

Appellant
argues that the trial court erred in admitting Acharacter@
evidence for the purpose of proving Aaction in conformity therewith@ in violation of Rule 404(a). 
The State responds by arguing that this evidence was admissible as an
exception to that rule, citing Rule 404(b) which permits proof of  Aother crimes, wrongs or acts@ in order to prove intent, knowledge, and Aabsence of mistake or accident.@  As
noted above, the trial court did not abuse its discretion in finding that the
extraneous offenses were admissible as circumstantial evidence of appellant=s knowing possession of the cocaine in this
case.  Montgomery v. State, supra;
Arnott v. State, supra; Powell v. State, supra.  The second issue for review is overruled.

                                                                       Rule
403

Appellant
argues that the Athird error@ which the trial court made was Awhen it failed to do a balancing test@ under Rule 403 and failed to find that the Aprejudicial effect of the extraneous offense
substantially outweighed the probative value.@  Relevant portions of the
reporter=s record show the following discussion
between counsel and the court:

THE COURT:
I=m going to overrule the objection to the
evidence and the motion in limine, as far as it applies to [extraneous
offenses].

 

[DEFENSE
COUNSEL]: Okay.  Your Honor, under Montgomery
it has to be a two-part objection.  First,
I object to the relevance, then I have to object under rule 403 - -

 

THE COURT:
I understand.

 

[DEFENSE
COUNSEL]: That the evidence - - that the probative value of the evidence is
substantially outweighed by its prejudicial effects.

 

THE COURT:
I understand.








[DEFENSE COUNSEL]: And
that=s going to be a different objection and a new
objection.

 

THE COURT: All
right.  That objection will be
overruled.

 

While it would have been helpful if the trial court had discussed its
reasoning for this  ruling, the record
is clear that the trial court considered and overruled the Rule 403
objection.  It seems clear that the
trial court found that the probative effect of this evidence was not
substantially outweighed by the danger of unfair prejudice, and the trial court
gave this instruction to the jury:

The State has introduced
evidence of extraneous crimes or bad acts other than the one charged in the
indictment in this case.  This
evidence was admitted for the purpose of aiding you, if it does, in passing
upon the question of the defendant=s motive, intent, knowledge, possession, and
for the purpose of rebutting a defensive theory.  You
cannot consider the evidence of extraneous crimes or bad acts for any purpose
unless you find and believe beyond a reasonable doubt that the defendant
committed such extraneous crimes or bad acts. 
(Emphasis added)

  

The
third issue for review is overruled.

                                                 Sufficiency
of Evidence

The evidence is both legally and factually sufficient to support the
jury=s finding that appellant was guilty of
knowingly possessing the cocaine which was found in the area where he was arrested.  Vasquez v. State, 67 S.W.3d 229, 236
(Tex.Cr.App.2002).  The fourth issue for
review is overruled.                            

                                                    This
Court=s Ruling

The judgment of the trial court is affirmed.

 

BOB DICKENSON

SENIOR JUSTICE

January
16, 2003 

Publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of:  Arnot, C.J., and

McCall, J., and
Dickenson, S.J.[2]











[1]See TEX. HEALTH & SAFETY CODE ANN. ' 481.115(c) (Vernon Pamph. Supp. 2003) which provides
that possession of one gram or more but less than four grams of cocaine is a
felony of the third degree.





[2]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.